# AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

I, Jonathan A. Duquette, being first duly sworn, hereby state as follows:

## INTRODUCTION AND INVESTIGATOR BACKGROUND

1. I make this affidavit in support of an application for a criminal complaint charging Andrew Hazelton with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

2. I am a Task Force Officer with the Federal Bureau of Investigation (FBI). I have been in this position since June 2015, and I have been a Task Force Officer in FBI's Boston Division since January 2018. I am also a Border Patrol Agent with the U.S. Border Patrol and have been in this position since December 2009. In my career, I have utilized various investigative tools and techniques, to include the use of search warrants.

3. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for federal criminal offenses.

4. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint. The facts set forth in this affidavit are based upon my personal knowledge, information obtained during my participation in this investigation including information provided by other investigators, my review of documents and computer records related to this investigation, and information gained through my training and experience.

## PROBABLE CAUSE

5. On April 28, 2021, I obtained search warrants for 25 Elmwood Street in Portland, Maine, and for the person of Andrew Hazleton. A copy of my affidavit in support of the warrants is attached as Exhibit 1 and incorporated here.

6. On April 29, 2021, at about 11:20 a.m., other FBI investigators and I executed the search warrants at 25 Elmwood Street in Portland. We encountered Andrew Hazelton just after he left the residence.

7. I informed Hazelton that we had search warrants for his person and his residence. He took a mobile phone out of the left front pocket of his pants and handed it to me. The phone was later identified as a Samsung Galaxy S21 5G smartphone. The phone had been named "Andrew's S21."

8. The Samsung phone was locked when Hazelton handed it over. I informed him that the search warrant permitted us to place his fingers on the phone to unlock it. After initially refusing to do so, he eventually placed one of his thumbs on the phone and it unlocked.

9. An analysis of the phone on-scene revealed a folder named "1488" in the Gallery application of the phone. The 1488 folder contained many video files. Among the files were dozens that depicted minors engaging in sexually explicit conduct. One such video had the file name 2020-08-05 20.36.19.mp4. The video, which was 14 seconds long, depicted a young girl, approximately six or seven years old, holding an adult male penis in her right hand. The girl then performed oral sex on the male while the male patted her head. The same girl was depicted in at least two other videos that were in the same folder. A still image taken from the video described above is attached under seal as Exhibit 2.

10. The file path for the video described in Paragraph 9, as revealed by looking at the "Details" entry for the file, was /internal storage/MEGA/MEGA Downloads/1488. From my training and experience, as well as publicly available information on the internet, I know that Mega is a cloud storage and file-hosting service offered by Mega Limited, a company based in New Zealand. Users can access the service both from their computers and their mobile devices.

Hazelton's phone contained the MEGA mobile application. However, it was password-protected, and investigators were not immediately able to access it.

11.     Based on information provided by the U.S. Attorney's Office for the District of Maine, I am aware that courts have concluded that an image is transported in interstate commerce if it transmitted over the internet. I am also aware that use of the internet is a facility or means of interstate commerce. Based on the file information associated with the video files on Hazelton's phone, including the reference to the MEGA file-sharing service, I submit that probable cause exists to believe that Hazelton downloaded the video files depicting minors engaged in sexually explicit conduct, including the file described in Paragraph 9, to his Samsung phone via the internet.

## CONCLUSION

12.     Based on the forgoing, I submit that probable cause exists to believe that on April 29, 2021, Andrew Hazelton knowingly possessed a Samsung mobile phone containing images of child pornography that had been transported using any means or facility of interstate or foreign commerce, and in or affecting interstate or foreign commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). I respectfully request that the Court issue a criminal complaint charging him with this offense.

Dated at Portland, Maine this 29th day of April, 2021.

_____
Jonathan A. Duquette
Task Force Officer
Federal Bureau of Investigation

Sworn to telephonically and signed
electronically in accordance with the
requirements of Rule 4.1 of the Federal Rules
of Criminal Procedure

Date: Apr 30 2021

City and state: Portland, ME

_____
Judge's signature

John H. Rich III, U.S. Magistrate Judge
Printed name and title