**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **vs.** | )  DOCKET NO. 2:21-cr-067-JAW |
| | ) |
| **ANDREW HAZELTON** | ) |

**DEFENDANT'S UNOPPOSED MOTION TO PROCEED BY VIDEO**

NOW COMES **Andrew Hazelton**, by counsel pursuant to the CARES Act and **requests to proceed by video.**

1.  Andrew Hazelton has agreed to plead guilty to the pending indictment. The case is pending on the court's August 2, 2021 jury selection list. The court has noted a defendant "may, but is not required to, file a motion requesting permission to proceed by video teleconference as permitted by General Order 2020-11."

2.  The clerk's office informs counsel a video plea can be set for **July 22, 2021 at 10 a.m.** if done by video. The CARES Act allows video proceedings with a defendant's consent and after a court finding that a hearing in that case cannot be further delayed without serious harm to the interests of justice.

3.  Hazelton has been on bail since June 7, 2021 with conditions including a third party custodian. ECF # 27. He is living in a small rural New England town not in the state of Maine. He has not been vaccinated for COVID-19. Coming to court for entry of a guilty plea requires interstate travel at the height of the summer tourist season and at a time of rising Delta variant spread of COVID-19. Hazelton's travel increases the health risk to him and to those who may come in contact with him. Hazelton's entry into the courthouse raises the risk

of Hazelton bringing infection with him, potentially being a risk to others who are in the courthouse.

4. The court is beginning the first post-COVID trials and following multiple safety protocols including limiting the number of cases that can be conducted in person on any specific day. There is a scarcity of in person courtroom time slots in the next month. Conducting the Rule 11 in this case meets the "interests of justice" requirement of the CARES Act as a date to hold the hearing in person likely requires a continuance and speedy trial extension.

5. The defense recognizes the significance of the Rule 11 proceeding, but this is not the sentencing hearing. Counsel has personally met with the defendant and is confident the defendant understands his rights and that a change of plea by video will be knowing, voluntary and carry the same significance as an in court Rule 11.

6. Counsel has conferred with AUSA Craig Wolff who has no objection to proceeding by video.

**Wherefore Defendant requests this Motion be GRANTED and a video proceeding for the Rule 11 hearing be scheduled for July 22, 2021 at 10 a.m.**

DATE: July 9, 2021                    /s/ *David Beneman*
                                      David Beneman
                                      Attorney for Andrew Hazelton

David Beneman
Federal Defender
P.O. Box 595
Portland, Me 0412-0595
207-553-7070 ext. 101

David_Beneman@fd.org

## CERTIFICATE OF SERVICE

I, **David Beneman**, attorney for **Andrew Hazelton**, hereby certify that I have served, electronically, a copy of the **within "UNOPPOSED MOTION TO PROCEED BY VIDEO"** upon **Craig Wolff**, Assistant United States Attorney, United States Attorney's Office, Portland, ME and all defense counsel of record via the ECF system.

/s/ David Beneman
David Beneman

DATE: July 9, 2021