## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:21-cr-00067-JAW |
| | ) | |
| ANDREW HAZELTON | ) | |
| | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its counsel, Darcie N. McElwee, United States Attorney for the District of Maine, and Craig M. Wolff, Assistant United States Attorney, respectfully submits the following memorandum in aid of sentencing in this matter.

### INTRODUCTION

In October 2019, when he was 26 years old, Andrew Hazelton chatted on Instagram with a 10-year-old girl. During the chat—after learning that the girl was 10—he said he wanted to see her "sexy body," and asked her to send him pictures of her in her panties and without a shirt. He also said he wished he could have sex with her. Based on this chat and additional investigation, a search warrant was obtained in April 2021 for his residence and person, and he was found to be in possession of child pornography images and videos.

Hazelton is now before the Court for sentencing after pleading guilty to possessing child pornography. For the reasons stated below, the government respectfully submits that a sentence at or near the low end of the advisory guidelines range is appropriate here.

## GOVERNMENT'S POSITION

Hazelton faces a statutory maximum sentence of 20 years imprisonment. PSR ¶ 53. The Court may impose a supervised release term of between five years and life. PSR ¶ 56. A fine of up to $250,000 may be imposed, and a $100 special assessment is mandatory. PSR ¶¶ 60, 61. In addition, if the Court finds him to be non-indigent, the Court must impose an additional $5,000 special assessment. PSR ¶ 61. Restitution is mandatory, but no restitution requests have been received.

**I.      Hazelton's Advisory Sentencing Guidelines Are Properly Calculated**

The revised PSR calculates Hazelton's guidelines in the following way:

| | | |
|---|---|---|
| Base offense level | 18 | § 2G2.2(a)(1) |
| Prepubescent minors | +2 | § 2G2.2(b)(2) |
| Images portrayed sadistic/masochistic conduct | +4 | § 2G2.2(b)(4)(A) |
| Use of computer | +2 | § 2G2.2(b)(6) |
| 600+ images | +5 | § 2G2.2(b)(7)(D) |
| Acceptance of responsibility | <u>-3</u> | § 3E1.1 |
| **Total Offense Level** | **28** | |

PSR ¶¶ 17–29. The government agrees that all of the guideline enhancements correctly apply. At Criminal History Category I, his advisory guidelines range is 78–97 months. PSR ¶ 54.

2

## II.     A Sentence at or Near the Low End of the Advisory Guidelines Range Is Appropriate Here

The government believes a sentence at or near the low end of the advisory guidelines range of 78–97 months is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The revised Presentence Investigation Report accurately describes Hazelton's offense conduct. The investigation began with the Penobscot County Sheriff's Office, which received a complaint from the mother of a 10-year-old child that her daughter had sent inappropriate images to an adult male. PSR ¶ 7. Investigators were able to review an Instagram chat between the girl and a user named "hazelman93," later identified as Hazelton.[1] PSR ¶ 8. During the chat, during which the child explicitly told him that she was 10 years old, he asked the child to send him inappropriate pictures, and even said he wanted to have sex with her.

FBI investigators later learned of the Penobscot County investigation and obtained search warrants for his residence and person in April of last year. PSR ¶ 9. Hazelton's electronic devices and online storage accounts were eventually found to contain a total of 108 child pornography videos and 14 still images. PSR ¶¶ 10, 11.

A sentence at or near the low end of the advisory guidelines range takes into account the most aggravating aspect of Hazelton's conduct, while still acknowledging potential infirmities in certain aspects of the guidelines. If all the Court had before it

---

[1] Screenshots of the chat will be introduced at the sentencing hearing as Government Exhibit 1. The search warrant affidavit of FBI TFO Jonathan Duquette, which explains how investigators determined that Hazelton was "hazelman93," will be introduced as Government Exhibit 2.

3

were the results of the search warrants executed at his residence and on his person, the conduct would appear to be on the low end of the spectrum of child pornography cases. He did not possess an exceptionally large number of images, he did not distribute images to others, and only a single image depicted sadistic or masochistic conduct.

What this case has that most possession cases do not, however, is evidence that Hazelton had one-on-one online contact with a minor, during which he sought inappropriate images and made sexual comments. In its 2021 report on non-production child pornography offenses, the U.S. Sentencing Commission noted that 43.9% of possession offenders engaged in aggravating conduct either prior to or concurrently with their child pornography offense. U.S. Sentencing Comm'n, *Federal Sentencing of Child Pornography Non-Production Offenses* at 41 (2021), *available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf. Hazelton's interactions with the 10-year-old girl in 2019 therefore set him apart from the majority of child pornography possession defendants. Non-production offenders who engaged in such conduct received significantly longer sentences, on average, then offenders who did not. *Id.* at 44. The government submits that the Court can and should consider Hazelton's significant aggravating conduct in arriving at his sentence.

At the same time, it is true that Hazelton's advisory guidelines include two enhancements applicable to his conduct—for the use of a computer and the presence of images of prepubescent minors—that are present in almost all child pornography

4

cases and therefore arguably do not serve to differentiate offenders.[2] In a case without the aggravating conduct present here, the ubiquity of these enhancements could support a recommendation for a below-guideline sentence. On balance, however, the government believes that a sentence at or near the low end of the guideline range factors in both the aggravating aspects of Hazelton's conduct and any potential shortcomings of the child pornography guidelines.

The government's recommended sentence is also within the heartland of sentences imposed for child pornography offenses, unlike the two-year sentence Hazelton recommends. In fiscal year 2020, sentences for the 1,020 offenders in Criminal History Category I whose primary guideline was § 2G2.2 were distributed in the following way:

[rest of page intentionally left blank]

---

[2] In fiscal year 2020, 93.6% of all cases sentenced using § 2G2.2 included the enhancement for prepubescent minors or minors under the age of 12. During the same year, 94.2% of all cases included the enhancement for use of a computer. *See* U.S. Sentencing Commission, Use of Guidelines and Specific Offense Characteristics, Guideline Calculation Based, Fiscal Year 2020 at 42–43, *available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/guideline-application-frequencies/Use_of_SOC_Guideline_Based.pdf.



U.S. Sentencing Commission, *Interactive Data Analyzer*, https://ida.ussc.gov/analytics/saw.dll?Dashboard. The average sentence length was 87 months, and the median sentence length was 76 months. *Id.* A sentence at or near the low end of the advisory guidelines range is in line with sentences imposed across the country in similar cases.

### III. The Government's Recommended Sentence Fulfills the Statutory Purposes of Sentencing

The government submits that its recommended sentence is also appropriate under 18 U.S.C. § 3553(a). In addition to the nature and circumstances of the offense, discussed above, the other statutory factors also support the imposition of this sentence.

6

### A.     Hazelton's History and Characteristics

With respect to Hazelton's history and characteristics, he reports that the challenges of caring for a disabled sibling negatively impacted his entire family during his childhood. PSR ¶ 37. He also reports a history of substance abuse and mental health diagnoses including bipolar disorder. PSR ¶ 43–45. Nothing in his history explains his offense behavior, however. He presents no information suggesting that drug addiction, bipolar disorder, anxiety or depression cause an individual to seek out minors online and possess child pornography. Although he apparently attempts to link his addiction and his offense behavior, *see* Def.'s Sent. Mem. at 1 ("Andrew is a college graduate, age 28, who developed a drug addiction, downloaded child pornography, and has since gained sobriety, engaged in treatment and matured."), nothing supports this attempted linkage. It is also significant that for the past two years, he has participated in dual diagnosis treatment, *see* PSR ¶ 43, which presumably would have made it less likely that his actions were the result of a manic illness.

### B.     Seriousness of Offense, Respect for the Law, Just Punishment

The Court also must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). These factors are related. As the court noted in *United States v. Stern*, 590 F. Supp. 2d 945 (N.D. Ohio 2008), "There is no reason to believe that respect for the law will increase if a defendant who deserves leniency is sentenced harshly any more than there is reason to believe

7

that respect for the law will increase if a defendant who deserves a harsh punishment receives a slap on the wrist." *Id.* at 957. In this case, Hazelton's offense was quite serious. He revictimized the victims of child sexual abuse by possessing images of their abuse. In addition, he engaged in a sexually oriented online chat with a 10-year-old girl.

  C. **General and Specific Deterrence**

The Court also must consider the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(B), (C). These two factors are sometimes said to reflect the needs for general and specific deterrence. *See, e.g.*, *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010). With respect to the former, the government believes that it is always important to send the message that child pornography offenders will face significant punishment.

With respect to the latter, it is unclear how much of a risk Hazelton poses of committing future crimes. His willingness to engage online with a minor in addition to committing a more anonymous child pornography offense suggests an increased risk of future offenses. It also does not appear that he has taken any steps to address the root causes of his behavior, i.e., his sexual interest in children. He will have the opportunity to engage in appropriate treatment while incarcerated, and a lengthy supervised release term will ensure that he continues to take steps to minimize the risk that he will commit similar crimes in the future.

### D. Training and Treatment

The Court must also consider the need for the sentence imposed to provide Hazelton with needed training or treatment. *See* 18 U.S.C. § 3553(a)(2)(D). The government's recommended sentence will provide him with the opportunity to obtain needed mental health, substance abuse and sex offender treatment, as recommended in the PSR.

### E. Sentencing Disparities

Finally, the Court must also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court concluded that when a sentencing judge correctly calculates and carefully reviews the Guidelines range, he or she necessarily gives significant weight and consideration to the need to avoid unwarranted disparities. *See id.* at 54. The government submits that the sentence it recommends adequately addresses this factor.

## CONCLUSION

For the reasons stated above, the government recommends that the Court impose a sentence at or near the low end of the advisory guidelines range, followed by supervised release for 10 years.

                                              Respectfully submitted,

                                              DARCIE N. MCELWEE
                                              UNITED STATES ATTORNEY

By:   /s/ Craig M. Wolff
       Craig M. Wolff
       Assistant United States Attorney

Dated: January 21, 2022

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2022, I electronically filed the above **Government's Sentencing Memorandum** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**David Beneman**
**Federal Defender**
**david_beneman@fd.org**

DARCIE N. MCELWEE
UNITED STATES ATTORNEY

  /s/ Craig M. Wolff
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
craig.wolff@usdoj.gov